**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA**           ) | |
| ) | **No. 1:14-cr-280** |
| ) | |
| **v.**           ) | **The Honorable James C. Cacheris** |
| ) | **Hearing: October 16, 2014** |
| **JANE BENDU,**           ) | |
| ) | |
| **Defendant.**           ) | |

**GOVERNMENT'S POSITION ON DEFENDANT'S
<u>APPEAL OF MAGISTRATE JUDGE'S DECISION</u>**

On appeal, the Defendant Jane Bendu (the "Defendant") withdraws her plea of guilty to two traffic violations, and appeals the decision of Magistrate Judge Theresa Carroll Buchanan. In support of her appeal, the Defendant asserts that she was not properly informed of her charges and the consequences of her decision to plea, and did not receive fair representation. For the reasons set forth below, the United States respectfully opposes the Defendant's appeal of her conviction and sentence.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 26, 2014, the Defendant was charged with Business Operations Without Permit, in violation of 36 C.F.R. § 5.3,[1] and Stopped on Travel Portion of Highway, in violation of 36

---

[1] Section 5.3 criminalizes "[e]ngaging in or soliciting any business in park areas, except in accordance with the provisions of a permit, contract, or other written agreement with the United States, except as such may be specifically authorized under special regulations applicable to a park area, is prohibited." 36 C.F.R. § 5.3. The maximum penalties for this offense are six months of imprisonment and a $5,000 fine. *See* 36 C.F.R. § 1.3.

C.F.R. § 4.13(a).[2]  Notice of Appeal 4-5, Aug. 8, 2014, ECF No. 1; Summary of Proceedings 1, Aug. 29, 2014, ECF No. 2.  Her ticket violation notices indicated that her court date was scheduled for August 7, 2014, at 9 a.m.  Notice of Appeal 4-5.

On August 7, 2014, the Defendant appeared before Magistrate Judge Buchanan.  Summary of Proceedings 1.  At approximately 10:08 a.m., prior to commencing individual proceedings, Magistrate Judge Buchanan advised all defendants present in the courtroom of their rights, including the right to plead guilty or not guilty, the right to retain an attorney, and the right to seek a continuance to prepare for trial and/or retain an attorney.[3]  *See id.*

At approximately 10:45 p.m., the Defendant's case was called and she testified that she heard the court's instructions as to her rights regarding the charges brought against her.[4]  *Id.* at 2-3.  The Defendant, acting *pro se*, pleaded guilty to the charges of Business Operations Without Permit, in violation of 36 C.F.R. § 5.3, and Stopped on Travel Portion of a Highway, in violation of 36 C.F.R. § 4.13(a).  *See id.* at 3.  In exchange for the Defendant's guilty pleas, the government did not seek a prison sentence, and deferred to court on the appropriate fine.  The Court then found the Defendant guilty, and, for each charge, imposed a $30 fine, a $10 assessment, and a $25 fee.  *See id.*; Notice of Appeal 3.  In total, the Defendant was sentenced to

---

[2] Section 4.13(a) criminalizes "[s]topping or parking a vehicle upon a park road, except as authorized by the superintendent, or in the event of an accident or other condition beyond the control of the operator." 36 C.F.R. § 4.13(a).  The maximum penalties for this offense are six months of imprisonment and a $5,000 fine.  *See* 36 C.F.R. § 1.3.

[3] The recording timestamp corresponding to these instructions is 10:08:24 to 10:09:45.  Summary of Proceedings 1 n.1.

[4] The recording timestamp corresponding to the Defendant's hearing is 10:44:23 to 10:47:35.  Summary of Proceedings 1 n.1.  The timestamp corresponding to the Defendant's testimony that she heard the Court's instructions as to her rights is 10:44:50.  *Id.* at 2 n.3.

pay $130. Notice of Appeal 3. Magistrate Judge Buchanan gave the Defendant six months to pay this amount. *Id.*

On August 8, 2014, the Defendant filed a notice of appeal of Magistrate Judge Buchanan's August 7, 2014, decision. *See* Notice of Appeal. In her appeal, the Defendant states as follows:

> I am appealing this decision because I am not guilty as charged and I was not properly informed about the charges, choices and their implication. The truth is I am not guilty as charged and I want to have fair representation.

Notice of Appeal 1.

On August 29, 2014, a report of the summary of the proceedings was signed and filed by Magistrate Judge Buchanan. *See* Summary of Proceedings, ECF No. 2. As indicated in the report, the record of appeal includes the recording of the proceedings held before Magistrate Judge Buchanan on August 7, 2014. *Id.* On September 3, 2014, this Court scheduled an appeal hearing for October 16, 2014.

## II. DISCUSSION

Contrary to the Defendant's allegations, the record plainly shows that the Defendant was advised of her charges and rights. The Defendant's testimony contradicts the allegations in her appeal, as the Defendant testified that Magistrate Judge Buchanan advised her of her rights before she pleaded guilty to the two traffic violations. *Compare* Notice of Appeal 1 *with* Summary of Proceedings 1-2 & n.3 (the Defendant's testimony at recording timestamp 10:44:50). In addition, to the extent that the Defendant is arguing that she lacked "fair representation" because she did not have counsel, the record reflects that she was informed that she could retain her own counsel, which she heard. Summary of Proceedings 1-2 & n.3. Furthermore, the Defendant did not have a right to have counsel appointed because she was

charged with only petty offenses and did not receive a prison term. *See* Fed. R. Crim. P. 58(b)(2)(C) (defendant does not have the right to request the appointment of counsel for a petty offense); *Scott v. Illinois*, 440 U.S. 367 (1979) (requiring appointment of counsel in petty offense cases only if defendant is actually sentenced to a term of imprisonment); *United States v. Pollard*, 389 F.3d 101, 103 (4th Cir. 2004) (same). *See also Lewis v. United States*, 518 U.S. 322, 326 (1996) ("An offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious.").

### III. CONCLUSION

Accordingly, the United States respectfully urges this Court to deny the Defendant's appeal, and affirm her conviction and sentence ordered by Magistrate Judge Buchanan.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: /s/
Nalina Sombuntham
Special Assistant United States Attorney
Rosanne C. Haney
Assistant United States Attorney
Counsel for the United States
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3880
Fax: (703) 299-3980
E-mail: nalina.sombuntham2@usdoj.gov