```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division


UNITED STATES OF AMERICA       )
                               )
        v.                     )    1:14cr280 (JCC/TCB)
                               )
JANE BENDU,                    )
                               )
     Defendant.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant Jane Bendu's ("Defendant") Rule 58(g) appeal from a judgment of conviction entered by United States Magistrate Judge Theresa C. Buchanan on August 7, 2014 [Dkt. 1]. For the reasons that follow, the Court will **affirm** the judgment.

## I. Background

On May 16, 2014 Defendant was charged with (1) business operations without a permit in violation of 36 C.F.R. § 5.3 and (2) stopped on travel portion of highway in violation of 36 C.F.R. § 4.13(a). (Notice of Appeal (as paginated by CM/ECF) at 4-5.)

On August 7, 2014, Defendant appeared before Judge Buchanan for a bench trial on the charges. (Summ. of Proceedings [Dkt. 2] at 1.) At the beginning of Court, Judge Buchanan advised all defendants of their rights, including the

right to plead guilty or not guilty, the right to retain an attorney, and the right to seek a continuance to prepare for trial and/or retain an attorney. (Summ. of Proceedings at 1.) When her case was called, Defendant testified that she heard the Court's instructions as to her rights regarding the charges against her. (*Id.* at 1-2.) Defendant then pleaded guilty to both counts. (*Id.* at 2.) The Court found her guilty of both charges and imposed a fine of $30 on each charge plus all fees and special assessments. (*Id.*) In total, Defendant was ordered to pay $130. (Notice of Appeal at 3.) Judge Buchanan gave Defendant six months to pay the fine. (*Id.*)

Defendant filed her appeal the next day pursuant to Federal Rule of Criminal Procedure 58(g). (Notice of Appeal at 1.) In her appeal, Defendant states: "I am appealing the decision because I am not guilty as charged and I was not properly informed about the charges, choices and their implication. The truth is I am not guilty as charged and I want to have fair representation." (*Id.* at 1.) Defendant noticed a hearing for October 16, 2014 [Dkt. 3] but did not file a brief in support nor did she appear on that date to present her appeal. In its opposition, the government argues that the record shows Defendant was advised of her charges and rights before proceeding with her case. (Gov't's Br. [Dkt. 4] at 3.)

Having been briefed, this matter is ripe for disposition.

## II. Standard of Review

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), a defendant may appeal a magistrate judge's judgment to a district judge within fourteen days of its entry. "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D).  Thus, in reviewing a judgment of conviction entered by a magistrate judge, a "district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction," rather than conducting a "trial *de novo*."  *United States v. Bursey,* 416 F.3d 301, 305 (4th Cir. 2005).

On appeal to the district court, the record consists of "the original papers and exhibits in the case together with any transcript, tape, or other recording of the proceedings and a certified copy of the docket entries . . . ."  Fed. R. Crim. P. 58(g)(2)(C).  Where the issue presented on appeal is purely a question of law, the district judge reviews the decision *de novo*.  *United States v. Smith,* 115 F.3d 241, 244 (4th Cir. 1997).  Findings of fact are reviewed for clear error, and credibility determinations are not susceptible to judicial review but rather are the sole province of the fact finder.  *See*

*Bursey*, 416 F.3d at 306; *United States v. Lomax,* 293 F.3d 701, 705 (4th Cir. 2002) (citation omitted).

### III. Analysis

Defendant seeks to have her convictions overturned on the basis of her innocence, that she was not "properly informed about the charges, choices, and their implication," and her desire to have fair representation. As to her claims of innocence, to the extent Defendant is seeking to re-litigate her case before this Court, her appeal must be denied. It is well-settled that a defendant who is convicted by a magistrate judge is not entitled to a trial *de novo* in the district court. *See Bursey,* 416 F.3d at 305 ("An appellate review conducted by a district court after a bench trial before a magistrate judge is not a trial *de novo*[.]"); *United States v. Jackson,* No. 98-4065, 1998 WL 609705, at *2 (4th Cir. 1998) ("The district court's review of a conviction entered by a magistrate judge is not a trial *de novo*; rather the district court's review is the same as the review by a court of appeals of a decision by a district court.") (citations omitted).

As to her rights and her decision to plead guilty, Federal Rule of Criminal Procedure 58(b) governs pre-trial procedure before a magistrate judge. The magistrate judge must inform the defendant of the charge and its minimum and maximum penalties; the right to retain counsel; the right to request

4

appointment of counsel if defendant is unable to retain one, unless the charge is a petty offense for which appointment of counsel is not required; the defendant's right not to make a statement, and that any statement made may be used against the defendant; any potential trial rights; and any right to a preliminary hearing.  Fed. R. Crim. P. 58(b)(2)(A)-(G).

All of these requirements were met here.  The recording of the proceedings demonstrates that at the beginning of court, Judge Buchanan advised all of the defendants of their rights, including their right to plead not guilty and have a trial and their right to retain counsel.  (Hr'g at 10:08:24-10:09:45.)  When Defendant's case was called, Judge Buchanan asked her if she had heard the Court's instructions as to her rights and the charges against her.  Defendant responded in the affirmative.  (Hr'g at 10:44:50.)  She then entered guilty pleas as to both charges.  (*See* Hr'g at 10:44:29-10:47:35.)  Based on this record, Rule 58(b)'s requirements have been met, and this Court finds no reversible error from the proceedings below.

Defendant's arguments relating to her right to counsel also fail.  First, Defendant was not entitled to appointed counsel as she did not receive a prison term as punishment.  *See United States v. Pollard*, 389 F.3d 101, 103 (4th Cir. 2004) (stating right to counsel triggered only if the defendant is actually sentenced to a term of imprisonment) (citing *Scott v.*

5

*Illinois*, 440 U.S. 367, 373-74 (1979); *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972)).  Furthermore, she was charged with offenses that had maximum sentences of six months incarceration. *See* 36 C.F.R. § 1.3(a) ("A person convicted . . . shall be punished by a fine as provided by law, or imprisonment not exceeding 6 months, or both[.]").  "An offense carrying a maximum prison term of six months or less is presumed petty," and therefore appointed counsel is not required under the Sixth Amendment.  *Lewis v. United States*, 518 U.S. 322, 326 (1996). Accordingly, Defendant is not entitled to appointed counsel.

Second, Defendant heard Judge Buchanan's instructions regarding her rights, including the right to retain her own counsel.  (Summ. of Proceedings at 1-2; Hr'g at 10:44:50.) Defendant had an opportunity to hire counsel and chose not to do so.  Appealing to this Court cannot undo Defendant's decision to forgo exercising her rights.

### IV. Conclusion

For the aforementioned reasons, the Court will affirm Defendant's conviction and dismiss this appeal.  Defendant has the right to appeal this judgment.  She must notice her appeal within fourteen days of this Memorandum Opinion and accompanying Order.  Fed. R. Crim. P. 58(g)(1); *see also* Fed. R. App. P. 4(b)(1)(A).

An appropriate order will follow.

|  | /s/ |
|---|---|
| October 16, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |